IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
JUN 15 2015
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| ELK PETROLEUM, Inc.,, <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> ROCKY MOUNTAIN REGIONAL DIRECTOR, BUREAU OF INDIAN AFFAIRS, and the UNITED STATES DEPARTMENT OF THE INTERIOR, INDIAN AFFAIRS, <br><br> Defendants/Counter-Plaintiffs. | CV 14-30-BLG-SPW <br><br> OPINION and ORDER |

This Court previously set a preliminary pretrial conference in this case and ordered the parties to, *inter alia*, submit a joint discovery plan. However, the parties could not agree on discovery deadlines. Defendant Rocky Mountain Regional Director ("Regional Director")[1] claims that discovery is inappropriate, as this case is brought under the Administrative Procedures Act ("APA"). Plaintiff Elk Petroleum disagrees and believes that it is entitled to discover information outside the administrative record. This Court vacated the preliminary pretrial conference and ordered the parties to brief the issue of whether discovery should

---

[1] The Department of the Interior has also appeared. The Court includes both Defendants when referring to the "Regional Director."

1

be conducted. The matter is now fully briefed. The Court agrees with the Regional Director and finds that discovery would be inappropriate.

## I. Background

In Spring 2008, Elk Petroleum and the Crow Tribe of Indians ("Tribe") negotiated a proposed Indian Mineral Development Agreement ("Agreement"). (Doc. 1 at 4). Pursuant to federal law, the Tribe submitted the Agreement to the Regional Director for approval. (*Id.*). On June 26, 2008, the Regional Director notified the Tribe about some issues in the Agreement. (*Id.* at 5). Elk Petroleum and the Tribe agreed to "clarifications" to the Agreement and submitted it again to the Regional Director. (*Id.*).

On July 30, 2008, the Regional Director responded with a letter that is interpreted differently by the parties. According to Elk Petroleum, the Regional Director gave conditional approval to the Agreement. (*Id.* at 6). Conversely, the Regional Director believes that he approved the Agreement without conditions. (Doc. 15 at 11).

Under the Agreement, Elk Petroleum was to pay a bonus payment and annual rentals to the Tribe. (Doc. 1 at 6). As far as the Court can tell, Elk Petroleum never took actions on the Crow Reservation after July 30, 2008. In March 2009, Elk Petroleum received invoices for annual rental and bonus payments from the Regional Director. (*Id.*). On April 16, 2009, Elk Petroleum

2

wrote to the Regional Director and the Tribe to express its opinion that the Agreement had not been finalized and approved. (*Id.*). On May 26, 2009, the Regional Director informed Elk Petroleum that the Agreement was not conditional and is considered final. (*Id.*).

On October 14, 2009, the Regional Director issued a decision that cancelled the Agreement and assessed Elk Petroleum with bonus and rental payments totaling $626,930.85. (*Id.* at 7). According to Elk Petroleum, the Regional Director did not undergo any formal fact finding procedure. (Doc. 25 at 4). Elk Petroleum appealed the Regional Director's decision to the Interior Board of Indian Appeals ("Board"). (Doc. 1 at 7). Elk Petroleum moved the Board for a hearing to resolve issues of material fact, but the Board denied the motion. (Doc. 25 at 5). On December 19, 2012, the Board affirmed the Regional Director's decision. (Doc. 1 at 7).

Elk Petroleum filed this action against the Regional Director on March 7, 2014, seeking a declaratory judgment that the Agreement is not enforceable. (*Id.* at 8). The Regional Director filed a counterclaim against Elk Petroleum and seeks a declaratory judgment that Elk Petroleum is liable under the Agreement for the bonus and rental payments. (Doc. 15 at 15). Both parties agree that this action is brought pursuant to the APA. The Regional Director filed the administrative record on May 15, 2015. (Doc. 26).

## II. Discussion

The issue presently before the Court is whether the parties should be allowed to conduct discovery. Elk Petroleum acknowledges that in APA cases, the reviewing court typically relies upon the administrative record. However, Elk Petroleum argues that extra-record information is required in this case for effective judicial review and because the parties have not had an opportunity for fact-finding. The Regional Director argues that the administrative record does not require supplementation and that discovery would be an inappropriate attempt to create a new record.

"Generally, judicial review of an agency decision is limited to the administrative record on which the agency based the challenged decision." *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). A court may expand the record in four circumstances:

> (1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency.

*Id.* These exceptions are "narrowly construed and applied." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

The Court finds that discovery is not warranted. Elk Petroleum argues that discovery is necessary to understand the agency's decision making process, as it "has no way of knowing how the decision in question was reached." (Doc. 28 at 6). However, the Board issued a nine page ruling explaining why it affirmed the Regional Director's decision. (AR0000004). The Court finds that the Board's written ruling is sufficient for this Court to determine whether it considered all the relevant factors. This does not foreclose Elk Petroleum's arguments that the Board reached an incorrect legal conclusion. It just means that the record does not need to be supplemented for the Court to determine if the Board "considered all factors and explained its decision." *Fence Creek Cattle*, 602 F.3d at 1131.

Further, Elk Petroleum does not describe what information it would seek from the Regional Director or what evidence is missing from the administrative record. It only argues that it should be permitted to depose the Regional Director. Elk Petroleum also wants discovery so that it has "reasonable assurance" that the administrative record is accurate and complete. (Doc. 28 at 5).

These general concerns are not enough to trigger the narrow exceptions explained above. A review of the administrative record shows that the Regional Director's position should not surprise Elk Petroleum. The Regional Director wrote several letters to Elk Petroleum regarding the Agreement's enforceability. The Regional Director also filed a response brief to the Board after Elk Petroleum

appealed his decision. (AR0000023). A deposition is not necessary to determine why the Regional Director believes he correctly assessed bonus and rental payments against Elk Petroleum and why he cancelled the Agreement.

In regards to its argument that discovery is necessary to determine the administrative record's authenticity, Elk Petroleum appears to be arguing that the Regional Director has acted in bad faith. To invoke the bad faith exception to allow discovery beyond the administrative record, "there must be a strong showing of bad faith or improper behavior." *Pub. Power Council v. Johnson*, 674 F.2d 791, 795 (9th Cir. 1982). The Court does not find any facts to support Elk Petroleum's inference that the Regional Director could have acted improperly.

Finally, Elk Petroleum argues it is entitled to discovery since the Regional Director and the Board denied opportunities for fact finding. However, the Court finds that this argument is not sufficient to allow for discovery. If this Court finds that the Regional Director or the Board should have allowed Elk Petroleum to conduct discovery, then this Court would likely follow the "preferred procedure" and remand back to the Board. *Id.* at 794.

### III. Conclusion

In sum, the Court does not find any exceptional circumstances to warrant a departure from the general rules of administrative review. Since discovery would be inappropriate, a pretrial preliminary conference is unnecessary. Accordingly, IT

IS HEREBY ORDERED that by **June 30, 2015**, the parties shall jointly submit a proposed Case Management Plan that includes deadlines for the following events: (1) Lodging of objections to the administrative record; (2) briefing schedules for dispositive motions; and (3) any other deadlines the parties believe are appropriate.

DATED this 15th day of June, 2015.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge